UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Sankona Graham,

                Plaintiff

v.

Jeremy Bean, et al.,

                Defendants

Case No. 2:25-cv-02612-CDS-MDC

**Order Denying Motion for Reconsideration and Denying Other Motions and Application**

[ECF Nos. 35, 39, 40, 43, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56]

Plaintiff Sankona Graham brought this now-closed civil-rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On March 5, 2026, I dismissed this action without prejudice and without further leave to amend because Graham's second amended complaint did not state a colorable claim for relief, and he ignored the instructions in my February 10, 2026, screening order, including that his amended complaint needed to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20. ECF No. 33. The Clerk of Court entered judgment accordingly. ECF No. 34. Six days later, Graham filed a document titled "Motion to Reopen Case & Screen for Relief-Generate Parties[,]" which I construe as seeking reconsideration of my dismissal order. ECF No. 39. Graham has filed many other documents since this case's closure, including an application to proceed *in forma pauperis*; motions to amend, for pretrial equitable relief, to be appointed counsel, duplicative motions for reconsideration; and a petition for writ of mandamus. *See* ECF Nos. 35, 43, 40, 45, 48-56. I deny Graham's reconsideration motion because he has not shown that relief is merited. I deny his other motions because they are moot. I deny his petition for writ of mandamus without prejudice because it is procedurally improper. And because some of Graham's filings include documents with his personally identifiable information, I direct the Clerk of Court to seal those records.

I.        Discussion

   A.  **Graham has not demonstrated that relief under FRCP 60(b)(1) is merited.**

Federal Rule of Civil Procedure 60(b)(1) authorizes district courts to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) satisfaction, release, or discharge of the judgment or reversal or vacation of earlier judgment; or "(6) any other reason that justifies relief." The Supreme Court has held that a judge's legal errors qualify as "mistakes" under FRCP 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

The thrust of Graham's reconsideration motion is that I should reopen this case and allow his claims to proceed because he and his family are experiencing "entrapments, raping, kidnapping, and embezzling[,]" among other things. ECF No. 39 at 1. But Graham does not clearly identify any part of the record in this action that he moves to reconsider. He does not identify any reason why reconsideration is warranted. And he does not provide authority or analysis to support his position.

Graham instead provides a string of occasionally complete citations, each of which he associates with a word or phrase possibly to show that the authority supports his motion. But these authorities do not say anything about the claims that Graham sought to bring in this lawsuit, and they do not show that I made a mistake when I dismissed them. Graham has not demonstrated that reconsideration is warranted, so I deny his motion for that relief. And because this case remains closed, I deny as moot Graham's other motions and applications.

   B.  **Graham's petition for writ of mandamus is procedurally improper.**

Graham's petition for writ of mandamus appears to seek relief from incarceration for his underlying state criminal conviction. ECF No. 51. The Supreme Court has held that the use of a writ of mandamus is a "drastic" remedy that is only to be invoked in "extraordinary situations." *Kerr v. U. S. Dist. Ct. for N. Dist. Of California*, 426 U.S. 394, 402 (1976). I do not offer an opinion on the merits of Graham's petition. But he cannot seek mandamus relief in this closed § 1983 lawsuit. It

appears from the face of the petition that Graham intended to file it in state court. He handwrote "In the Supreme Court of the State of Nevada" in the document's caption. ECF No. 51 at 1. And he references the Nevada Rules of Appellate Procedure throughout the petition. *Id.* at 1, 4, 14. So I deny the petition for writ of mandamus without prejudice to Graham's ability to seek that relief in state court.

## II.    Conclusion

I therefore order that Graham's motion for reconsideration **[ECF No. 39] is denied**.

I order that Graham's other post-closure motions and applications for various relief **[ECF Nos. 35, 40, 43, 45, 48, 49, 50, 52, 53, 54, 55, and 56] are denied as moot**.

I order that the petition for writ of mandamus **[ECF No. 51] is denied without prejudice**. Graham is advised that this court will not transmit his petition or other documents to the state court for filing.

The Clerk of the Court is kindly directed to seal ECF Nos. 45, 46-3, 50, and 53 because these filings contain documents with the plaintiff's personally identifiable information.

Dated: May 19, 2026

_____
Cristina D. Silva
United States District Judge